UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DOUGLAS BRUCE, | : |
| Plaintiff, | : Case No. 3:21-cv-00080 |
| v. | : Judge Thomas M. Rose |
| CITY OF MIAMISBURG, *et al.*, | : |
| Defendants. | : |

### ENTRY AND ORDER DENYING DEFENDANT MONTGOMERY COUNTY'S MOTION TO DISMISS (DOC. NO. 12)

This action is brought under 42 U.S.C. § 1983 by Plaintiff Douglas Bruce ("Bruce"). In his Complaint (the "Complaint"), Bruce alleges that his properties were excessively fined, the two apartment buildings sitting on the properties were wrongfully demolished, and his properties were wrongfully subjected to tax liens and foreclosure by the City of Miamisburg; the Mayor of Miamisburg, Michelle Collins; Montgomery County, Ohio; and the Montgomery County Treasurer, Russell Joseph. (Doc. No. 1.) Defendant Montgomery County filed a motion to dismiss (the "Motion") (Doc. No. 12), arguing that the County is not *sui juris*. (*Id*.) For the reasons discussed below, the Court **DENIES** the Motion.

**I.      BACKGROUND**

The Complaint alleges that Bruce, a Colorado resident, owned two parcels of real estate at 609 and 621 Cherry Hill Drive, Miamisburg, Ohio. (Doc. No. 1 at PageID 3.) Miamisburg is located within Montgomery County, Ohio. Each parcel of land had a five-unit apartment building standing on it. (*Id*.) The City of Miamisburg demolished the two apartment buildings after issuing fines relating to the failure to maintain the yards on the two properties. (*Id*. at PageID 4.) Bruce

did not receive notice that the yards were not properly maintained or that there were fines related to the failure to maintain the yards. (*Id.*) Moreover, Bruce was never notified that the apartment buildings would be demolished. (*Id.*) After the buildings were demolished, the parcels of land were subject to tax liens of approximately $53,000. (*Id.*) The tax liens were subsequently sold to a company named Tax Ease Ohio II, LLC ("TEO II"), which has sought to foreclose on the properties. (*Id.*)

The Complaint brings four claims against the Defendants under 42 U.S.C. § 1983: (1) Deprivation of Property Under Fifth and Fourteenth Amendment; (2) Violation of Procedural Due Process under Fifth and Fourteenth Amendment; (3) Violation of Substantive Due Process; and, (4) Violation of the Eighth and Fourteenth Amendments. (Doc. No. 1 at PageID 5-9.)

On March 26, 2021, Montgomery County filed a motion to dismiss arguing that the county is not *sui juris* under Ohio law. (Doc. No. 12 at PageID 55.) Bruce filed his opposition and argued that the County is considered a "person" under 42 U.S.C. § 1983 and may be sued pursuant to the statute. (*See* Doc. No. 18.) Montgomery County failed to file a reply. The Motion is ripe for review and decision.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure

to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III.     MONTGOMERY COUNTY'S *SUI JURIS* DEFENSE

Montgomery County argues that it is not *sui juris*, or put simply, it is an entity not capable of being sued under Ohio law. (Doc. No. 12 at PageId 55-56.) Generally, capacity to be sued in a United States district court is governed by Fed. R. Civ. P. 17(b)(3), which provides that capacity to be sued, for an entity such as a county, is determined "by the law of the state where the court is located. . . ." Under Ohio law, a county may be sued if it "adopt[s] a charter or alternative form

3

of government. . . ." Ohio Rev. Code § 301.22. Therefore, a county generally is not *sui juris* unless the terms of § 301.22 are met.

However, an exception to this rule exists when a party brings a claim against the county under 42 U.S.C. § 1983. A county may be sued where the plaintiff seeks to hold the county liable under § 1983 based on a claim that the defendant acted pursuant to an official custom or policy of the county, commonly referred to as a *Monell* claim. *Black v. Hamilton Cnty. Pub. Def. Comm'n*, No. 1:12-CV-503, 2013 U.S. Dist. LEXIS 25386, at *12, 2013 WL 684394 (S.D. Ohio Feb. 25, 2013) (*citing Stack v. Karnes*, 750 F. Supp. 2d 892 (S.D. Ohio 2010)), *adopted*, *Black v. Hamilton Cnty. Pub. Def. Comm'n*, 2013 U.S. Dist. LEXIS 37723, 2013 WL 1155253 (S.D. Ohio May 19, 2013); *Cooper v. Montgomery Cnty.*, No. 3:13-CV-272, 2016 U.S. Dist. LEXIS 88184, (S.D. Ohio July 7, 2016), *adopted*, *Cooper v. Montgomery Cnty.*, 199 F. Supp. 3d 1189 (S.D. Ohio 2016). In addition to alleging an official custom or policy, the plaintiff must further allege an affirmative link between the policy and the constitutional violation alleged. *Stack*, 750 F. Supp. 2d at 899 (*citing Petty v. Cnty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007)).

Bruce alleges that his constitutional violations stem from fines issued by the City of Miamisburg, which led to the demolition of his property. (Doc. No. 1 at PageID 4.) The fines and demolition subsequently led to a tax lien placed on Bruce's property by the Defendants, including Montgomery County, which has led to foreclosure proceedings. (Doc. No. 1 at PageId 5-9.) Bruce further alleges throughout his Complaint that the Defendants, including Montgomery County, maintain policies, practices, and ordinances that permitted them to impose excessive fines on his property and resulted in Bruce being deprived of his property. (*Id*.) The allegations in Bruce's Complaint, taken as true, plausibly state a *Monell* claim against the county predicated on the alleged policies, practices, and ordinances that permit the Defendants, including Montgomery

4

County, to impose excessive fines and deprive individuals, including Bruce, of their property. The Court finds that Bruce has adequately stated a *Monell* claim against Montgomery County.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Montgomery County's Motion to Dismiss (Doc. No. 12).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 30, 2021.

                                                                                         s/Thomas M. Rose  
                                                                                          THOMAS M. ROSE  
                                                                     UNITED STATES DISTRICT JUDGE