UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DOUGLAS BRUCE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-00080 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CITY OF MIAMISBURG, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS CITY OF MIAMISBURG AND MICHELLE COLLINS
MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 19)**

---

This action is brought under 42 U.S.C. § 1983 by Plaintiff Douglas Bruce ("Bruce"). In his Complaint (the "Complaint"), Bruce alleges that his properties were excessively fined, the two apartment buildings sitting on the properties were wrongfully demolished, and his properties were wrongfully subjected to tax liens and foreclosure by the City of Miamisburg; the Mayor of Miamisburg, Michelle Collins; Montgomery County, Ohio; and the Montgomery County Treasurer, Russell Joseph. (Doc. No. 1.) Defendants City of Miamisburg ("Miamisburg") and Mayor Michelle Collins ("Collins") (collectively, "Defendants") filed an Answer (Doc. No. 13) and a Motion for Judgment on the Pleadings (Doc. No. 19) (the "Motion"). The Motion argues that the statute of limitations has expired on Bruce's claims. (*Id*.) Collins further argues that the claims against her in her official capacity are superfluous because Bruce also sued Miamisburg. (*Id*.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The Court grants the Motion, in part, and dismisses all claims brought against Collins. The Court denies Defendants' Motion to the extent it seeks to dismiss Bruce's claims pursuant to

1

the applicable Ohio statute of limitations.

## I. BACKGROUND

The Complaint alleges Bruce, a Colorado resident, owned two parcels of real estate at 609 and 621 Cherry Hill Drive, Miamisburg, Ohio. (Doc. No. 1 at PageID 3.) Each parcel of land had a five-unit apartment building standing on it. (*Id*.) Miamisburg demolished the two apartment buildings after issuing fines relating to the failure to maintain the yards on the two properties. (*Id*. at PageID 4.) Bruce did not receive notice that the yards were not properly maintained or that there were fines related to the failure to maintain the yards. (*Id*.) Moreover, Bruce was never notified that the apartment buildings would be demolished. (*Id*.) After the buildings were demolished, the parcels of land were subject to tax liens of approximately $53,000. (*Id*.) The tax liens were subsequently sold to a company named Tax Ease Ohio II, LLC ("TEO II"), which has sought to foreclose on the properties. (*Id*.)

The Complaint brings four claims against the Defendants under 42 U.S.C. § 1983: (1) Deprivation of Property Under Fifth and Fourteenth Amendment; (2) Violation of Procedural Due Process under Fifth and Fourteenth Amendment; (3) Violation of Substantive Due Process; and, (4) Violation of the Eighth and Fourteenth Amendments. (Doc. No. 1 at PageID 5-9.)

On April 1, 2021, Defendants filed their Answer. (Doc. No. 13.) On May 20, 2021, Defendants filed the Motion. (Doc. No. 19.) Bruce filed his Opposition on June 24, 2021. (Doc. No. 22.) Defendants filed their Reply on July 7, 2021. (Doc. No. 23.) The Motion is fully briefed and ripe for review and decision.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed but within such time as not to delay the trial any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as is applied to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  A court grants a motion under Rule 12(c) when the movant has clearly established that there remains no genuine issue of material fact, and that, as a matter of law, the movant is entitled to judgment.  *JP Morgan Chase, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007).

When a party moves for judgment on the pleadings, "[a]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law."  *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (internal quotation marks omitted).  However, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *JPMorgan Case Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).  "To survive a Rule 12(c) motion, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory."  *Hindel*, 875 F.3d at 346-47 (internal quotation marks omitted), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks omitted)).  Judgment

3

on the pleadings is appropriate when "the plaintiff can undoubtedly prove no set of facts in support of the claims that would entitle relief." *E.E.O.C v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *see also Iqbal*, 556 U.S. at 678-80.

### III.   ANALYSIS

Defendants ask the Court to dismiss all claims in the Complaint, pursuant to Federal Rule of Civil Procedure 12(c). They argue that Sixth Circuit precedent demonstrates that claims brought pursuant to § 1983 are subject to the two-year statute of limitations found in Ohio Rev. Code § 2305.10. (Doc. No. 19 at PageID 81.) Bruce argues in response that a Rule 12(c) motion is not an appropriate vehicle to dismiss a claim based on a statute of limitations defense. (Doc. No. 22 at PageID 94.) Moreover, Bruce argues there are insufficient facts to determine when he received notice of the violation of his rights and, therefore, when the statute of limitations began to run. (*Id.* at PageID 95.)

Collins initially argued that she is entitled to statutory immunity as the Mayor of Miamisburg because Bruce failed to allege that Collins specifically violated his constitutional rights. (Doc. No. 19 at PageID 83-84.) In response, Bruce argued (1) that qualified immunity does not apply to Collins because she is being sued in her official capacity (Doc. No. 22 at PageID 95-97); and, (2) that Collins violated a clearly established right, therefore, a qualified immunity defense does not apply. (*Id.* at PageID 97-100.) In the Reply, Collins argued that since she is being sued in her official capacity, it is redundant to sue both her and Miamisburg. (Doc. No. 23 at PageID 132-33.)

### A.  EXHIBITS ATTACHED TO DEFENDANTS' REPLY

As an initial matter, the Court must address the exhibits attached to Defendants' Reply. If "matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(c) or 12(b)(6), the court must treat the motion as one for summary judgment under Rule

56 and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  The Court can consider exhibits attached to a motion, including public records, items appearing in the record of the case, and exhibits attached to the motion so long as those exhibits are "referred to in the complaint and are central to the claims contained therein."  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *Desai v. Geico Cas. Co.*, No. 1:19-CV-2327, 2021 U.S. Dist. LEXIS 97492, at *9, 2021 WL 2069546 (S.D. Ohio May 24, 2021).

Defendants attached four documents to the Reply: two invoices regarding the demolition of Bruce's apartment buildings, and a complaint and order in a case captioned *Cherry Hill Apartment, LLC v. Collins, et al.*, Case No. 2016 CV 03684, filed in Montgomery County Common Pleas Court.  (Doc. No. 23-1, 23-2, 23-3, 23-4.)  Defendants argue that the invoices are referred to in the Complaint because Bruce references the demolition of the apartment buildings twelve times, and the demolitions are central to Bruce's claims.  (Doc. No. 23 at PageID 130.)

The gravamen of Bruce's Complaint is that he did not have notice of any of the actions taken by Defendants surrounding the demolition of his buildings.  Therefore, Bruce would not have received the demolition invoices and would have no way of knowing whether the invoices are authentic or complete.  *See Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 720 (S.D. Ohio 2013) (district court refused to rely on contracts attached to the motion to dismiss where the validity, accuracy, or completeness of the contracts was in question).

Moreover, Defendants' argument that the invoices are referred to in the Complaint is unavailing.  The demolition of Bruce's property is certainly referenced throughout the Complaint, but the invoices attached by Defendants are never referenced.  Defendants' reading of "referred to in the complaint" stretches the meaning of the case law beyond its limits.  Defendants' proposed

reading would have the Court accept any document that tangentially relates to any event discussed in the Complaint.  The Court is unwilling to rely on the invoices attached as an exhibit by Defendants.

Defendants' other exhibits, the complaint and order attached as Exhibits C and D, are taken from the Montgomery County Common Pleas Court's public docket.  (Doc. Nos. 23-3, 23-4.) Documents filed on a public docket are public records and may be considered when ruling on a Rule 12(c) motion.  *Slusher v. Reader*, No. 2:18-CV-570, 2019 U.S. Dist. LEXIS 51706, at *11, 2019 WL 1384423 (S.D. Ohio Mar. 27, 2019).  Therefore, the Court will consider the documents filed in the Montgomery County Common Pleas Court.

### B.  STATUTE OF LIMITATIONS DEFENSE

Defendants argue that the claims in the Complaint are barred by the applicable statute of limitations.  (Doc. No. 19 at PageID 80-83.)  Bruce filed his Complaint on March 5, 2021.  (Doc. No. 1.)  Defendants argue that the statute of limitations began to run in July of 2018; therefore, the latest Bruce could have filed this action was July of 2020.  (Doc. No. 19 at PageID 82-83.)  The Court disagrees.

No statute of limitations is provided in § 1983; therefore, the Court must look to the state's applicable limitations period.  *Hackett v. Bd. of Educ. Of the Marysville Exempted Vill. Sch. Dist.*, 2:18-CV-1308, 2019 U.S. Dist. LEXIS 94399, at *8, 2019 WL 2374379 (S.D. Ohio June 5, 2019) (*citing Wilson v. Garcia*, 471 U.S. 261, 269, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).  The Supreme Court has explained that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injuries.  *Wilson*, 471 U.S. at 275-76.  The Sixth Circuit has further held that the appropriate statute of limitation for § 1983 claims in Ohio is found in Ohio Rev. Code § 2305.10, "'which requires that actions for bodily injury be filed within two years after

their accrual.'" *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (*quoting Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)).

The Sixth Circuit has held that the statute of limitations period begins to run "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 Fed. App'x 830, 833 (6th Cir. 2016). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Defendants argue that the demolition the buildings on Bruce's property constitutes the latest event that should have alerted him to the need to protect his rights. (Doc. No. 19 at PageID 82.) Defendants further point to the order filed in the Montgomery County Common Pleas Court, which states: "[o]n June 7, 2018, [p]laintiff withdrew its prayer for specific performance in this matter as the City of Miamisburg demolished the building located on the real estate in question. . . ." (Doc. No. 23-4 at PageID 144.) However, Defendants repeatedly state that the buildings were demolished in July of 2018 and, therefore, the statute of limitations began to run in July of 2018. (Doc. No. 19 at PageID 82; Doc. No. 13 at PageID 59.)

In response, Bruce argues that he never received notice of the fines or demolition of the buildings on his property. (Doc. No. 22 at PageId 95.) Therefore, Bruce argues that "important factual questions" must be resolved before the Court can determine when the statute of limitations began to run. (*Id.*)

The movant must clearly establish that there remains no genuine issue of material fact, and that, as a matter of law, the movant is entitled to judgment. *JP Morgan Chase, N.A.*, 510 F.3d at 581. The Order attached by Defendants states that the "building" (singular) was demolished before

June 7, 2018.  (Doc. No. 23-4 at PageID 144.)  However, Defendants state that both the buildings were demolished in July of 2018.  (Doc. No. 19 at PageID 79, 82.)  Moreover, Defendants' entire argument is premised on the idea that Bruce knew he was being fined and knew that his buildings were demolished in July of 2018.  (*Id.*)  Bruce consistently alleges throughout his Complaint that he never received notice of the fines, the demolition, or the tax liens placed on his property.  (*See* Doc. No. 1.)  Moreover, Bruce is a resident of Colorado; therefore, it is unclear when he would have become aware of the demolition of his properties in Ohio.  Defendants have not resolved these factual issues.

Due to the lack of a clear date for when Bruce knew or had reason to know that the act providing the basis of his injury has occurred, the Court cannot determine when the alleged action accrued, and the statute of limitations began to run.  *See Banks*, 344 F.3d at 553; *Ruiz-Bueno*, 659 Fed. App'x at 833.  Therefore, the Court denies Defendants' Motion as to the statute of limitations defense.[1]

## C.  OFFICIAL CAPACITY CLAIM

Collins initially argued that she is entitled to qualified immunity.  (*See* Doc. No. 19 at PageID 83-85.)  Bruce argued in response that Collins is being sued in her official capacity; therefore, she is not entitled to assert a qualified-immunity defense.  (*See* Doc. No. 22 at PageID 95-97.)  Collins now argues that she should be dismissed because suits against persons in their official capacity are treated as suits against the entity.  (Doc. No. 23 at PageID 132-33.)  Thus, suing Collins in her official capacity as Mayor of Miamisburg should be treated as a suit against

---

[1] The Court's decision on this matter does not comment on the ultimate validity of Defendants' statute of limitations defense; rather, this decision is confined to the facts currently before the Court as analyzed pursuant to the standard on a motion for judgment on the pleadings.

Miamisburg itself and, since Miamisburg has already been sued, Collins should be dismissed. (*Id.* at PageID 133.) The Court agrees with Collins latter argument.

Claims against persons in their official capacity are, "in all respects other than name, to be treated as a suit against the entity." *Briner v. City of Ontario*, 370 Fed. App'x 682, 699 (6th Cir. 2010); *Foster v. Michigan*, 573 Fed. App'x 377, 390 (6th Cir. 2014). Moreover, where the governmental entity is a defendant, "'a claim against an official or employee of the entity in their official capacity is redundant.'" *Myers v. Montgomery Cnty. Bd. of Comm'rs*, 2019 U.S. Dist. LEXIS 103910, at *7, 2019 WL 2567748 (S.D. Ohio June 21, 2019) (*quoting Day v. DeLong*, 358 F. Supp. 3d 687, 700 (S.D. Ohio 2019)). The claims brought against Collins, by Bruce's own admission, "are done so solely in her official capacity as Mayor of Miamisburg, Ohio." (Doc. No. 22 at PageID 96; *see also* Doc. No. 1. at PageID 1.) Therefore, the claims against Collins are superfluous to the claims brought against Miamisburg. *See Faith Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Foster*, 573 Fed. App'x at 390; *Myers*, 2019 U.S. Dist. LEXIS 103910, at *7. All claims against Collins are dismissed with prejudice and she is dismissed as a defendant in this case.

### D. SUBSTANTIVE DUE PROCESS CLAIM

Finally, the Court finds it necessary to address the Third Cause of Action in the Complaint, which alleges a violation of the substantive due process clause. (Doc. No. 1 at PageID 7-8.) A district court may, *sua sponte*, dismiss a claim for failure to state a claim, when it provides the parties with notice of its intent to dismiss the claim and allows for the "opportunity to amend the complaint or otherwise respond to the stated reasons." *Lloyd v. City of Streetsboro*, No. 18-34585, 2018 U.S. App. LEXIS 36090, at *5 (6th Cir. Dec. 20, 2018). The Court provides notice here of its intent to dismiss the Third Cause of Action for the reasons stated below.

"The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (*quoting Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003)). "'To establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally-protected property or liberty interest.'" *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. App'x 826, 834 (6th Cir. 2009) (*quoting Silver v. Franklin Twp., Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)). Insofar as the plaintiff fails to assert a property or liberty interest, the substantive due process claim fails. *Taylor Acquisitions, L.L.C.*, 313 Fed. App'x at 834. The Sixth Circuit has consistently held that, where a specific Constitutional Amendment provides an explicit source of protection against a particular type of misconduct, that Amendment and not the generalized notion of substantive due process is favored. *Banks*, 344 F.3d at 554; *Montgomery v. Carter Cnty.*, 226 F.3d 758, 769 (6th Cir. 2000).

Bruce states that he "has a legitimate property interest." (Doc. No. 1 at PageID 7.) Yet, the only interests identified in Bruce's Complaint are his interests in the apartment buildings and the physical acreage. (*See* Doc. No. 1.) Bruce's claim simply states: "Defendants have unlawfully deprived Plaintiff of his private property and denied him his substantive due process rights." (*Id.* at PageID 7.) The deprivation of Bruce's private property is more appropriately brought under his first cause of action, a takings claim under the Fifth Amendment. (*See* Doc. No. 1 at PageID 5-6); *See Ramos v. Gansheimer*, 2012 U.S. Dist. LEXIS 47392, at *15-16, 2012 WL 1142470 (N.D. Ohio April 3, 2012) (dismissing the plaintiff's substantive due process claim as duplicative of a claim under the First Amendment). Bruce fails to state any other constitutionally protected property or liberty interest that would give rise to a substantive due process claim.

Therefore, on or before November 1, 2021, Bruce must either: (1) amend the Complaint to state a substantive due process claim; or, (2) file a memorandum responding to the Court's reasoning.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS, IN PART, AND DENIES, IN PART,** Defendants' Motion for Judgment on the Pleadings (Doc. No. 19).   Specifically, the Court **ORDERS** that:

1.  The Motion for Judgment on the Pleadings is **DENIED** as to the statute of limitations defense; and,

2.  The Motion for Judgment on the Pleadings is **GRANTED** as to the claims against Collins, such that all claims against Collins are dismissed with prejudice and she is dismissed as a defendant in this case.

The Court further provides notice of its intent to dismiss the Third Cause of Action, Violation of Substantive Due Process, and **ORDERS** Bruce to either: (1) amend the Complaint to state a substantive due process claim; or, (2) file a memorandum responding to the Court's reasoning, on or before Monday, November 1, 2021.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 30, 2021.

s/Thomas M. Rose
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

11